IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>THOMAS G. OLSEN,<br><br>    Defendant.<br>_____/ | No. MISC 07-80012 CRB<br><br>**ORDER RE: RELATED CASES** |

Three actions have been filed in this Court that stem from what appears to be a protracted dispute between Thomas Olsen and his employer, the Triple A Machine Shop ("Triple A"). The first case, an employment discrimination action, was filed in August of 2000 and assigned to Judge Chesney. By stipulation, that action was dismissed with prejudice in October of 2005. The second case, a miscellaneous "action" by an administrative law judge to impose sanctions against Olsen for alleged misconduct during administrative proceedings, was filed in January of 2000 and assigned to this Court. The third case, an action to recoup similar sanctions for the same alleged misconduct by Olsen, was filed by Triple A in May of 2007 and assigned to Judge Alsup.

Both parties seek to relate the last-filed case to one of the first two. Triple A wants it reassigned to this Court. Olsen apparently wants it reassigned to Judge Chesney.

The only motion now pending before this Court is a motion to relate the third case (now assigned to Judge Alsup) to the second case (previously assigned to this Court). Both cases stem from an administrative proceeding under the Longshore and Harbor Workers' Compensation Act. See 33 U.S.C. §§ 922, 927(b). Both cases involve an attempt to recoup sanctions from Olsen as a result of alleged misconduct during the administrative proceedings. The only difference between the cases is that, due the procedural requirements of the LHWCA, the "second" case was initiated by a "certification of facts" filed by the administrative law judge involved in the underlying administrative action, whereas the "third" case was initiated by a formal complaint filed by Olsen's adversary in the underlying administrative action. Because both actions "concern substantially the same parties, property, transaction or event" and "there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges," the Court hereby relates the two cases. Plaintiff's motion is hereby GRANTED. The Clerk shall consolidate these two cases under Case No. C-07-2371 as the master file. All further filings shall be made in this file, rather than in the miscellaneous docket. Further, the Clerk shall place a copy of the administrative law judge's certification of facts (Docket No. 1 in Case No. MISC-07-80012-CRB) into the master file.

The Court makes no determination about whether these two now-consolidated actions, involving suits for sanctions against Olsen, are related to the first-filed action, involving a suit by Olsen against Triple A for employment discrimination. The Court notes that Olsen has attempted to relate those two cases by filing a motion to relate them. However, he has failed to file his motion in the first-filed case, *i.e.* Judge Chesney's case, as required by the local rules. Defendant's motion is therefore DENIED without prejudice. If Defendant wishes to pursue his motion, he shall file a motion to relate these consolidated cases (MISC-

//
//
//
//

2

1  07-80012-CRB and C-07-2371) with the first-filed case (C-00-3165-MMC) not later than
2  Friday, August 3, 2007.  Defendant's filing must comply with Local Rule 3-12(b).
3  **IT IS SO ORDERED.**

6  Dated:  July 23, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE